**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| JARRETT BROWN, | * |
| | * |
| Plaintiff, | * Case No. 3:18-CV-69-LG-LRA |
| | * |
| vs. | * |
| | * |
| JACOB LAW GROUP, PLLC AND | * |
| LVNV FUNDING, LLC, | * |
| | * |
| Defendants. | * |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. Plaintiff Jarrett Brown ("Mr. Brown") brings this action against Defendants Jacob Law Group, PLLC ("Jacob") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Mr. Brown's action occurred in this district, where Mr. Brown resides in this district, and where Defendants transact business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136

S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1343 (S.D. Fla. 2016).

7. "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in

most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

8.   "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations." *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

9.   "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

10.   Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

11.   "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-

3

CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

12. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

13. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## PARTIES

14. Mr. Brown is a natural person who at all relevant times resided in the State of Mississippi, County of Lauderdale, and City of Meridian.

15. Mr. Brown is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Jacob is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. Brown, as defined by 15 U.S.C. § 1692a(5).

17. Jacob is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18. LVNV is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Mr. Brown, as defined by 15 U.S.C. § 1692a(5).

4

19. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20. Mr. Brown is a natural person allegedly obligated to pay a debt.

21. Mr. Brown's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

22. Jacob uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

23. Jacob regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24. LVNV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

25. LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26. LVNV acquired the Debt after it was in default.

27. On or before November 2017, LVNV retained Jacob to collect the Debt.

28. On or around November 2017, Mr. Brown began receiving telephone calls from Jacob.

29. On November 16, 2017, Mr. Brown called Jacob to inquire about the Debt.

30. The November 16, 2017 telephone conversation was Jacob's initial communication with Mr. Brown with respect to the Debt.

31. During the November 16, 2017 telephone conversation, Mr. Brown advised Jacob that he had not received anything in the mail from Jacob and requested verification of the Debt.

32. Jacob advised that Mr. Brown had not received it because it had only been sent out the day before and that Mr. Brown would likely receive a letter within the next couple of days.

33. Having not received anything from Jacob in writing, Mr. Brown again called Jacob on November 20, 2017.

34. During the November 20, 2017 telephone conversation, Mr. Brown again advised that he had not received anything in writing from Jacob.

35. Jacob advised a letter had been sent on November 16, 2017.

36. To date, Mr. Brown has never received the alleged November 16, 2017 letter.

37. Jacob did not provide Mr. Brown with the notices required by 15 U.S.C. § 1692g(a) in its initial communication with Mr. Brown or in writing within five days thereafter.

38. During the November 20, 2017 telephone conversation, Jacob threatened that it was pursuing a judgment against Mr. Brown.

39. Jacob did not explain how its threats of pursuing a judgment comported with to Mr. Brown's rights under 15 U.S.C. § 1692g(a)(3)-(5).

40. When Mr. Brown inquired about a possible settlement of the Debt, Jacob stated it could extend a settlement offer until November 29, 2017.

41. Mr. Brown stated that he could not resolve the Debt before the end of the month because he would not receive his disability check until the beginning of December.

42. During the course of the conversation, Jacob repeatedly stated that it could not extend any settlement offer past the end of the month.

43. Upon information and belief, Jacob can extend settlement offers past the end of any given month.

44. Jacob used the false time constraint that it cannot extend the settlement offer past the end of the month in order to create a false sense of urgency with respect to the Debt.

45. Despite Jacob's repeated assertions that settlement offers could not be extended until after the end of the month, it sent Mr. Brown a letter dated November 20, 2017, which offered a settlement offer that was valid until December 15, 2017.

46. On or about December 19, 2017, Plaintiff received a letter from Jacob dated November 15, 2017, containing the statements required by 15 U.S.C. § 1692g(a).

47. However, Defendant did not send the letter to Plaintiff until December 13, 2017.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)
### Jacob

48. Mr. Brown repeats and re-alleges each factual allegation above.

49. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice

which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

50. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

51. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

52. Jacob violated 15 U.S.C. § 1692g(a) by failing to provide Mr. Brown with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Mr. Brown, or in writing within 5 days thereafter.

WHEREFORE, Mr. Brown prays for relief and judgment, as follows:

a) Adjudging that Jacob violated 15 U.S.C. § 1692g(a);

b) Awarding Mr. Brown statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Brown actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Brown reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

8

e) Awarding Mr. Brown pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)
## Jacob

53. Mr. Brown repeats and re-alleges each factual allegation above.

54. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id*.

55. The initial notice of rights "must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

56. One way in which a debt collection letter can overshadow the notice of rights under § 1692g is by threatening legal consequences within the 30-day period.

57. While a debt collector may legally initiate legal action before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his or her rights.

58. To assist debt collectors who wish to threaten suit in collection notices, the Seventh Circuit has drafted "safe harbor" language—adopted by courts around the nation—that explains the apparent contradiction between the consumer's right to dispute

9

within 30 days and the debt collector's right to bring suit before the expiration of that period, which reads, in relevant part, as follows:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997).

59. Where a debt collector makes no effort to explain that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the threat of legal action within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b).

60. Jacob violated 15 U.S.C. § 1692g(b) by overshadowing the notices required by 15 U.S.C. § 1692g(a).

WHEREFORE, Mr. Brown prays for relief and judgment, as follows:

a) Adjudging that Jacob violated 15 U.S.C. § 1692g(b);

b) Awarding Mr. Brown statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Brown actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Brown reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Brown pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
### Jacob

61. Mr. Brown repeats and re-alleges each factual allegation above.

62. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

63. The FTC has stated that: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

64. Jacob violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Mr. Brown prays for relief and judgment, as follows:

a) Adjudging that Jacob violated 15 U.S.C. § 1692e(10);

b) Awarding Mr. Brown statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Brown actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Brown reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Brown pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)
## LVNV

65. Mr. Brown repeats and re-alleges each factual allegation above.

66. Jacob violated 15 U.S.C. § 1692g(a) by failing to provide Mr. Brown with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Mr. Brown, or in writing within 5 days thereafter.

67. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Jacob — the debt collector it retained to collect on its behalf.

WHEREFORE, Mr. Brown prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692g(a);

b) Awarding Mr. Brown statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Brown actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Brown reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Brown pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(b)
## LVNV

68. Mr. Brown repeats and re-alleges each factual allegation above.

69. Jacob violated 15 U.S.C. § 1692g(b) by overshadowing the notices required by 15 U.S.C. § 1692g(a).

70. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Jacob — the debt collector it retained to collect on its behalf.

WHEREFORE, Mr. Brown prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692g(b);

b) Awarding Mr. Brown statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Brown actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Brown reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Brown pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)
## LVNV

71. Mr. Brown repeats and re-alleges each factual allegation above.

72. Jacob violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

73. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Jacob — the debt collector it retained to collect on its behalf.

WHEREFORE, Mr. Brown prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692e(10);

b) Awarding Mr. Brown statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Brown actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Brown reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Brown pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

74. Mr. Brown is entitled to and hereby demands a trial by jury.


Submitted January 30, 2018                    Respectfully submitted,


                                              s/Curtis R. Hussey
                                              Curtis R. Hussey
                                              MSB No. 9495
                                              Hussey Law Firm, LLC
                                              10 N. Section Street, No. 122
                                              Fairhope, AL 36532-1896
                                              Telephone: (251) 928-1423
                                              Facsimile: (866) 317-2674
                                              chussey@consumerlawinfo.com
                                              Attorney for Jarrett Brown

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206